**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JILSCA OPPIER, | No. 08-72319 |
| Petitioner, | Agency No. A096-362-881 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2013[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Petitioner Jilsca Oppier (Oppier), an Indonesian citizen, petitions for review

of a decision from the Board of Immigration Appeals (BIA) dismissing her asylum

application as untimely, and denying Oppier's requests for withholding of removal

and Convention Against Torture (CAT) protection. Oppier contends that changed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances excused the untimely filing of her asylum application, and that the BIA's denial of withholding of removal and CAT relief is not supported by substantial evidence.

The BIA's dismissal of Oppier's untimely asylum application is supported by substantial evidence because Oppier failed to demonstrate changed circumstances "materially affecting [her] eligibility for asylum." *Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (citations omitted); *see also Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007) ("The record . . . does not compel the conclusion that [Oppier] showed changed circumstances to excuse the late filing of her asylum application. . . .").

The BIA's denial of withholding of removal was also supported by substantial evidence, as Oppier failed to demonstrate that her harassment in Indonesia rose to the level of past persecution and "that she will more likely than not be singled out individually for persecution on account of a protected ground. . . ." *Tampubolon v. Holder*, 610 F.3d 1056, 1062 n.5 (9th Cir. 2010), *as amended*; *see also Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (holding that substantial evidence supported rejection of past persecution claim because petitioner failed to demonstrate "a pattern of persecution closely tied to . . . [the petitioner]") (citation omitted).

2

Because Oppier failed to present any evidence that it was more likely than not that she would be tortured in Indonesia, Oppier's CAT claim fails. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) ("To establish eligibility under CAT, an alien must demonstrate that [she] will more likely than not be tortured if removed to [her] home country. . . .") (citations and internal quotation marks omitted).

**PETITION DENIED.**